IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY L. PAGE, | No. C 12-3721 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| AUDREY KING, Acting Executive Director California Department of Mental Health, | (Docket Nos. 7, 8, 9, 11, 16) |
| Respondent. | |

### INTRODUCTION

Petitioner has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241 challenging his civil commitment to a California mental health institution pursuant to California's Sexually Violent Predators Act. *See* Cal. Welf. & Inst. Code 6600, et seq. ("SVPA"). For the reasons discussed below, petitioner is granted leave to proceed in forma pauperis, the petition is **DISMISSED** and petitioner's other motions are **DENIED**.

### STATEMENT

Petitioner has a history of convictions for sexual offenses dating back to the 1970s. In 2004, after he completed his sentence on his most recent conviction, he was civilly committed to a state mental health facility for a period of two years based upon the finding by a jury in

1  Alameda County Superior Court that he is a sexually violent predator under the SVPA.
2  Petitioner challenged his commitment unsuccessfully in state court appeals and in a federal
3  habeas corpus petition. *See Page v. Mayberg*, No. C 05-4141 VRW (PR) (N.D. Cal., April 5,
4  2007).

5  In 2006, re-commitment proceedings were initiated and the Alameda County Superior
6  Court determined that there was probable cause to believe that petitioner was still likely to
7  engage in predatory criminal behavior. The court then ordered a trial to determine whether
8  petitioner should be recommitted to a state mental health institution as a sexually violent
9  predator. Petitioner states in his petition that he is awaiting trial and that he is a "pretrial
10 detainee" (Pet. 2, 3). as to whether he should be recommitted on that re-commitment
11 proceedings.

## ANALYSIS

13 Petitioner states that this petition challenges the "pending trial" based upon the probable
14 cause determination from 2006. Petitioner twice filed federal petitions challenging his initial
15 SVPA commitment proceedings, and both petitions were dismissed without prejudice under the
16 rationale of *Younger v. Harris*, 401 U.S. 37 (1971), without prejudice to refiling after SVPA
17 commitment proceedings, including appeal, were completed. *See Page v. Lockyer*, No. C 03-
18 2282 VRW (PR) (N.D. Cal. May 28, 2003) (order of dismissal); *Page v. Lockyer*, No. C 03-
19 2364 VRW (PR) (N.D. Cal. June 6, 2003) (order of dismissal). The United States Court of
20 Appeals subsequently affirmed these dismissals. For the same reasons, the instant petition
21 challenging the re-commitment proceedings must be dismissed until after the commitment
22 proceedings, including appeals to the state courts are completed.

23 Under the principles of comity and federalism cited in *Younger*, a federal court should
24 not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief
25 absent extraordinary circumstances. *See Younger*, 401 U.S. at 43-54. Interference is
26 appropriate only upon a showing of the state's bad faith or harassment, or a showing that the
27 statute challenged is "flagrantly and patently violative of express constitutional prohibitions."
28 *Id.* at 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special

1  circumstances or irreparable harm that would justify federal court intervention; statute must be
2  unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is
3  applied); *Carden v Montana*, 626 F2d 82, 84 (9th Cir 1980) (only in cases of proven harassment
4  or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid
5  conviction and perhaps in other special circumstances where irreparable injury can be shown is
6  federal injunctive relief against pending state prosecutions appropriate).  The policies
7  underlying *Younger* are fully applicable to noncriminal judicial proceedings when important
8  state interests are involved.  *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457
9  U.S. 423, 432 (1982).  *Younger* applies to the pending SVPA re-commitment proceedings
10 against petitioner:  the proceedings are judicial in nature, involve important state interests and
11 afford petitioner an adequate opportunity to raise constitutional issues.  *See ibid.*

12       There is no indication that *Younger* abstention is not appropriate because SVPA, as
13 applied to him or on its faith, is "flagrantly and patently violative of his constitutional rights."
14 Indeed, the dismissals of his prior petitions on *Younger* grounds and subsequent affirmances on
15 appeal indicate that it is appropriate to apply *Younger* to him.  Moreover, as noted in connection
16 with his prior cases, SVPA has in fact withstood constitutionally scrutiny in the Supreme Court
17 of California, *see Hubbart v. Superior Court*, 19 Cal. 4th 1130 (1999), and similar laws from
18 other states have withstood constitutional scrutiny in the Supreme Court of the United States,
19 *see Kansas v. Hendricks*, 521 U.S. 346 (1997); *Seling v. Young*, 531 U.S. 250 (2001).  Nor does
20 petitioner show bad faith or harassment.

21       Under the rationale of *Younger*, the petition must be dismissed without prejudice to
22 refiling after SVPA re-commitment proceedings challenged herein, including appeal, are
23 completed.

24       It is possible that petitioner means to challenge for a second time the initial commitment
25 decision arising out of his 2004 trial.  In some of the attachments to the petition he states that he
26 seeks a "recall" of the "remittitur" from that decisions based upon "newly discovered" evidence
27 and his "actual innocence."  As noted above, his federal habeas petition challenging that
28 decision was denied.  *See Page v. Mayberg*, No. C 05-4141 VRW (PR) (N.D. Cal., April 5,

3

2007). To the extent he wants to challenge such proceedings for a second time in federal court, he must do so in a habeas petition under 28 U.S.C. 2254 <u>after</u> first obtaining permission from the United States Court of Appeals to file a second or successive federal habeas petition. *See* 28 U.S.C. 2244(b).

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DISMISSED** without prejudice. Petitioner has failed to make a substantial showing that a reasonable jurist would find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

In light of this dismissal, the motions for expedited briefing, immediate relief, and appointment of counsel (dkt. 7, 8, 26) are **DENIED**. The application to proceed in forma pauperis (dkt. 11, 16) is **GRANTED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October   25  , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

N:\PAGE3721.DSM.wpd

4