IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY L. PAGE, | No. C 12-3721 WHA (PR) |
| Petitioner, | **ORDER OF TRANSFER** |
| v. | |
| AUDREY KING, Acting Executive Director California Department of Mental Health, | |
| Respondent. | |

Petitioner is a civil detainee in Fresno County, California. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241 challenging the basis for his pre-trial detention while awaiting resolution of a petition to recommit him as a sexually violent predator under California's Sexually Violent Predators Act ("SVPA"). *See* Cal. Welf. & Inst. Code 6600, et seq.. Petitioner claims that changes in the field of psychiatry called into question the mental health diagnosis that formed the basis for both his initial commitment and the petition to recommit him.

The recommitment petition was filed in Alameda County in 2006, and the instant federal habeas petition was filed in 2012. His federal petition was dismissed under the abstention principles set forth in *Younger v. Harris*, 401 U.S. 37 (1971), because he had a probable cause

hearing scheduled in his recommitment proceedings in state court. He appealed that dismissal order and in January 2013, the United States Court of Appeals affirmed. In July 2013, petitioner filed a "motion for relief," which was construed as a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. A probable cause hearing was still scheduled in his recommitment proceedings in state court, and thus the motion for reconsideration was denied in August 2013. Petitioner appealed the denial of his motion for reconsideration.

In February 2016, the United States Court of Appeals remanded. The Court of Appeals did not reach the merits of the appeal, but instead remanded for a determination whether this court had jurisdiction to issue the orders of dismissal and denying reconsideration because petitioner is not confined in this district. The Court of Appeals held that "[a]s a general rule Section 2241 petitions 'must be heard in the custodial court.'" *Page v. King*, No. 13-17352, slip op. 4 (9th Cir. Feb. 25, 2016) (quoting *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam)). Because petitioner is confined in Fresno County, his custodial court is the Eastern District of California. *See id.* at 4-5. Accordingly, the Court of Appeals instructed this court to vacate the order dismissing the instant federal petition and to transfer this case to the Eastern District if this court determined that it lacked jurisdiction over the petition. *Id.* at 5. The mandate issued on March 23, 2016, and on April 1, 2016, petitioner filed a "supplemental brief" regarding the Court of Appeals's remand order. The brief argues that this court has jurisdiction over this case under *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973), because his custodian, Audrey King, can be reached by service of process.

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. 2241(a). Relying on the "within their respective jurisdictions" language, the Supreme Court held that personal jurisdiction over a federal habeas corpus petition lies exclusively in the single federal judicial district in which both the custodian of the prisoner and the prisoner reside. *Ahrens v. Clark*, 335 U.S. 188, 190-91 (1948). In *Braden*, however, the Supreme Court held that Section 2241(a) required "nothing more than that the court issuing the writ have jurisdiction over the custodian. So long as the custodian can be reached by service of process, the court can

issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the court . . . even if the prisoner himself is confined outside the court's territorial jurisdiction." *Id.* at 495. The Supreme Court subsequently characterized this quotation as dicta insofar as it refers to service of process, and held that in cases challenging a federal petitioner's present physical confinement, such as the instant case, "jurisdiction over the custodian" means that the custodian is within the territorial jurisdiction of the court. *Rumsfeld v. Padilla*, 542 U.S. 426, 444 (2004). The Court in *Rumsfeld* interpreted the "within their respective jurisdictions" language of Section 2241(a) to mean nothing more than that the court issuing the writ must have jurisdiction over the custodian. *Id.* at 440-42. For petitions under Section 2241 challenging present physical confinement, this is not synonymous with any district in which the respondent is amenable to service of process, but rather "jurisdiction lies in only one district: the district of confinement." *Id.* at 442-44.

Under *Rumsfeld*, the district with jurisdiction over this case is the Eastern District of California because that is where petitioner is confined. Accordingly, pursuant to the remand order of the United States Court of Appeals, the order dismissing the instant petition is **VACATED** and this case is **TRANSFERRED** to the United States District Court for the Eastern District of California. The clerk shall transfer this matter forthwith.

**IT IS SO ORDERED.**

Dated: April __13__, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE